IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO KIMIO WILSON,<br><br>    Petitioner,<br><br>  v.<br><br>ANTHONY HEDGPETH,<br><br>    Respondent.<br>                                                / | No. C 11-5207 WHA (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS; TO SHOW CAUSE**<br><br>(Docket No. 12) |

### INTRODUCTION

This is a habeas case filed pro se by a state prisoner. Respondent was ordered to show cause why the petition should not be granted based on the thirteen cognizable claims in the petition. Respondent filed a motion to dismiss on the grounds that seven of the claims have not been not exhausted. Petitioner has filed an opposition and respondent has filed a reply brief. Petitioner was granted leave to file a supplemental opposition, and respondent filed a supplemental reply brief. For the reasons set out below, the motion to dismiss is **DENIED** and respondent is ordered to file an answer showing cause why the petition should not be granted.

### STATEMENT

In 2007, a jury found guilty of two counts of murder with special circumstances and one count of premeditated attempted murder. The trial court sentenced him to concurrent terms of life without the possibility of parole in state prison. On appeal, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied a petition for review. Thereafter, petitioner filed unsuccessful habeas petitions in the state courts, including one

petition in the California Supreme Court. The instant federal habeas petition followed

## ANALYSIS

The parties agree that petitioner raised his first six claims in his petition for direct review to the California Supreme Court, and that they have all been exhausted. The remaining seven claims were raised in a petition for a writ of habeas corpus to the California Supreme Court. Respondent contends that these claims were not exhausted, and petitioner disagrees.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted claims. *Id.* at 522 (1982).

Respondent argues that the seven claims raised presented to the California Supreme Court in a habeas petition were not exhausted because they were denied with a citation to *In re Swain*, 34 Cal. 2d 300, 304 (1949). *In re Swain* articulates California's procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify any delay in the presentation of the claims. *See In re Swain*, 34 Cal. 2d 300, 304 (1949). The Supreme Court's denial was summary and unexplained, and it was also unaccompanied by citation to any other case. Hence it is unclear whether the citation to *Swain* stood for its first proposition, namely a lack of sufficient particularity, or its second proposition, namely an unjustified delay. *Compare Pombrio v. Hense*, 631 F. Supp. 2d 1247, 1252 (C.D. Cal. 2009) (holding that when accompanied by citation to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) (requiring habeas claims to be stated with particularity), citation to *Swain* indicates that habeas petition being dismissed for lack of particularity). Respondent contends, without any authority or explanation, that the citation to *Swain* stood for the first proposition – that the petition did not describe the claims with sufficient particularity. In any event, even if that were

2

the basis for the *Swain* citation, the claims are still exhausted.

Where *Swain* is cited for the proposition that the petitioner did not present his claims with sufficient particularity, the Ninth Circuit treats the *Swain* citation as standing for a denial on procedural grounds which can be cured in a renewed state petition. *See Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986). State judicial remedies therefore are not exhausted. *See id.; accord McQuown v. McCartney*, 795 F.2d 807, 808 n.1, 809 (9th Cir. 1986); *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974). However, if the petitioner maintains that the state procedural denial based on *Swain* was erroneous because he did allege his claims with particularity and that they are incapable of being alleged with any greater particularity, a federal court cannot per se find the claims unexhausted, and must instead independently examine the petition presented to the state court to determine whether the claims were fairly presented. *See Kim*, 799 F.2d at 1319-20.

Here, petitioner contends in his opposition and supplemental opposition that the claims were presented to the California Supreme Court with sufficient particularity to satisfy the federal "fair presentation" requirement. To "fairly present" a claim for purposes of exhaustion, a petitioner must provide the state court only with the operative facts "necessary to give application to the constitutional principle upon which [the petitioner] relies," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal quotations and citations omitted), and cite the pertinent constitutional right, *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). A review of the petition to the California Supreme Court shows that it did so. Each of the seven claim identifies the specific constitutional right at issue and contains a detailed account of how the right was allegedly violated, including specific citations to the record. Indeed, the petition includes 44 pages of briefing on the seven claims. The claims are, moreover, identical to claims seven through thirteen raised here. Under these circumstances, the seven claims were "fairly presented" to the California Supreme Court.

Respondent argues first that the Ninth Circuit's decision in *Kim*, requiring a federal court to examine whether the petition to the California Supreme Court had sufficient particularity, was wrongly decided. Recognizing the futility of such an argument because *Kim*

3

is binding on the instant matter, however, respondent also disputes whether petitioner stated his seven claims to the California Supreme Court with sufficient particularity. Respondent's arguments in this regard go to the merits of the claims, however, not to whether they were fairly presented. For example, respondent argues that in some instances petitioner does not adequately explain how the alleged facts give rise to a constitutional violation, in other instances the alleged facts do not amount to a constitutional violation, and in other instances petitioner's explanation for how his rights were violated is inadequate. While these arguments may ultimately prove true, that would only show that the claims lack merit, not they lacked sufficient particularity for the state high court to a fair opportunity to rule on them. For the reasons discussed above, the petition adequately afforded the state court the opportunity to understand the legal and factual basis for petitioner's claims. As such, the state court had a fair opportunity to rule on his claims, and they were adequately exhausted for federal habeas review. Accordingly, the motion to dismiss will be denied and respondent will be ordered to show cause why the petition should not be granted.

## CONCLUSION

In light of the foregoing, respondent's motion to dismiss (document number 12) is **DENIED**. Respondent shall file with the court and serve on petitioner, within ninety-one days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

**IT IS SO ORDERED.**

Dated: December  10 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\WILSON5207.MTDMIX.wpd

4